**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

RODNEY JA ASBERRY and                                                                CASE NO. 12-50602
CARRIE LYNN ASBERRY

DEBTORS

J. JAMES ROGAN, TRUSTEE                                                                     PLAINTIFF

v.                                                                                          ADV. CASE NO. 12-5045

BRANCH BANKING & TRUST CO., *et al.*                                                        DEFENDANTS

**MEMORANDUM OPINION**

Before the Court are cross-motions for summary judgment filed by the Plaintiff J. James Rogan, as Trustee [Doc. 13], and the Defendant Branch Banking & Trust Company ("BB&T") [Doc. 9]. The Trustee claims that the Defendant's mortgage on Debtors Rodney and Carrie Asberry's interest in real property may be avoided pursuant to 11 U.S.C. § 544 because the Defendant was not entitled to enforce the note on the petition date. Having considered the parties' arguments, briefs, and the record, the Court finds that there are no genuine issues of material fact and the Defendant is entitled to judgment as a matter of law.

**Facts**

The following facts are undisputed. On December 19, 2003, the Debtors executed a note in the amount of $71,200.00 (the "Note") in favor of Central Kentucky Agricultural Credit Association ("Ag Credit") and a mortgage (the "Mortgage") granting Ag Credit a mortgage lien in Debtors' residential real estate located at 143 Ephesus School Road, Waynesburg, Kentucky (the "Real Property").

On that same date, Ag Credit executed an Assignment of Note and Mortgage (the "12/19/03 Assignment") assigning and transferring all its right, title and interest in the Note and Mortgage to AgFirst Farm Credit Bank ("AgFirst"). An undated allonge (the "First Allonge"),

making the Note payable to AgFirst, was executed by an individual named Scott Maas who was identified as "Country Mortgage Manager". Scott Maas is the same individual that executed the 12/19/03 Assignment on behalf of Ag Credit. Ten days later, the Mortgage and 12/19/03 Assignment were recorded in the Lincoln County clerk's office.

On August 1, 2005, BB&T acquired possession of the Note from AgFirst. On that same date, AgFirst executed an Assignment of Mortgage (the "8/1/05 Assignment") assigning and transferring all its right, title and interest in the Note and the Mortgage to MERS as the nominee for BB&T. The 8/1/05 Assignment was recorded in the Lincoln County clerk's office on August 30, 2005. A second undated allonge (the "Second Allonge") transferred the right to payment for the Note from AgFirst to BB&T.

The Debtors filed for Chapter 7 bankruptcy relief on March 1, 2012. J. James Rogan was appointed as the Chapter 7 Trustee.

BB&T filed a proof of claim on April 25, 2012, and attached the Note and the Mortgage. No indorsement in blank, specific indorsement, or allonge was included with the proof of claim. On July 19, 2012, BB&T filed a motion for relief from the automatic stay to allow the enforcement of BB&T's lien against the Real Property. The Trustee objected to the requested relief arguing that BB&T had no right to enforce the Note as of the petition date. BB&T then amended its proof of claim and in addition to the Note and Mortgage, attached the First Allonge, the 12/19/03 Assignment, the Second Allonge, and the 8/1/05 Assignment.

On September 7, 2012, an agreed order was entered whereby the Trustee and BB&T agreed to resolve the stay relief objection with an adversary proceeding. Accordingly, the Trustee filed this proceeding seeking a declaration that BB&T cannot enforce the Note and thus its Mortgage claim is unenforceable.[1]

---

[1] Beneficial Financial I, Inc., and Farmers National Bank of Danville, Kentucky, were named in the complaint to state any interest they may have and said defendants have not appeared in this proceeding.

2

The parties filed cross-motions for summary judgment and supplemental briefs. BB&T's briefs include the affidavit and supplemental affidavit of Michael J. Ransom, its Assistant Vice President [Doc. 9, 15]. Following a hearing held on January 17, 2013, the parties jointly stipulated to the authenticity of all exhibits referred to in their cross-motions and the matter was deemed submitted.

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Venue is proper pursuant to 28 U.S.C. § 1409.

## Analysis

Summary judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED R. CIV. P. 56(a) and FED. R. BANKR. P. 7056. Only disputes over facts which might affect the outcome of the suit under applicable law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 273 (1986).

The Trustee generally contends that the Note was not properly indorsed as between the original payee Ag Credit and AgFirst; thus, BB&T is not the holder of a valid debt and the Mortgage lien that BB&T seeks to enforce is unenforceable. In support of the "deficient indorsement" argument, the Trustee claims the First Allonge is deficient because it: (i) is not dated; (ii) does not identify the original Note payee; and/or (iii) is executed by an entity other than the original payee of the Note.

First, the Trustee alleges the indorsements in the chain of title are invalid because both the First Allonge and the Second Allonge lack dates. This argument is without merit. KRS § 355.3-204(1), which defines and sets forth the requirements of a valid indorsement, does not

3

require an indorsement to bear a date. The Trustee provides no legal authority supporting his argument that indorsements must be dated.

Next, the Trustee challenges the authority of Scott Maas to negotiate the Note on behalf of Ag Credit and challenges the validity of the First Allonge as it does not identify Ag Credit by name. The First Allonge identifies the original amount of the Note and the loan number, the property address and states the purpose of the document is to negotiate the Note thereby making the obligation payable to AgFirst. The First Allonge is signed by "Scott Maas, Country Mortgage – Manager." The record, when taken as a whole, shows that Scott Maas is an employee of Ag Credit authorized to indorse the Note. The 12/19/03 Assignment is signed by Scott Maas on behalf of Ag Credit. The signature block on the Assignment makes reference to the original payee, Ag Credit, immediately above the Maas signature and the notary block identifies Mr. Maas as an employee of Ag Credit. Again, nothing in KRS § 355.3-204(1) requires an indorser to be listed in an allonge—only a signature is required. KRS § 355.3-402(1) provides when a represented person is bound by a signature on an instrument:

> If a person acting, or purporting to act, as a representative signs an instrument by signing either the name of the represented person or the name of the signer, the represented person is bound by the signature to the same extent the represented person would be bound if the signature were on a simple contract. If the represented person is bound, the signature of the representative is the 'authorized signature of the represented person' <u>and the represented person is liable on the instrument, whether or not identified in the instrument</u>.

KRS § 355.3-402(1) (emphasis added). When the entire record is considered, there is unrefuted evidence to show that Scott Maas was authorized to execute and bind Ag Credit to the First Allonge.[2]

Moreover, the Trustee's argument challenging the legal existence of Ag Credit is irrelevant where Ag Credit was the original payee of the Note. Significantly, the Trustee offers

---

[2] Similarly, to the extent the Trustee may be arguing that "Country Mortgage – Manager" is the name of an entity rather than Scott Maas' title, this contention is likewise without merit based on the evidence in the record.

4

no explanation of, or legal authority addressing, the effect of this contention. In fact, one of the Trustee's briefs concedes:

> **Liability for payment is not involved in this case**. Debtors Rodney J. Asberry and Carrie Lynn Asberry were liable for payment of the December 19, 2003 note payable to Central Kentucky Agricultural Credit Association, but their obligation for payment has been discharged in bankruptcy. The Trustee's case is about the failure of Central Kentucky Agricultural Credit Association to sign the note so the note could be negotiated to AgFirst Farm Credit Bank, and subsequently negotiated to BB&T… [Doc 16, p. 2. (emphasis in original)].

The Trustee acknowledges the valid debt between the Debtors and the original payee. Accordingly, the Trustee's reliance on *Rogan v. Litton Loan Servicing, L.P. (In re Collins)*, 456 B.R. 284 (B.A.P. 6th Cir. 2011) is misplaced. In *Collins,* the Court observed that under Kentucky law, "without evidence of debt, there is no valid, enforceable mortgage." *Id.* at 294. However, this statement is inapposite in this case where the record contains unrefuted evidence of a debt represented by the Note that was indorsed to and transferred to BB&T. In contrast, the Trustee's arguments are pure speculation. For example, the Trustee claims that if the First Allonge was truly attached to the Note, it would have been copied in the first proof of claim. This is not evidence—this is conjecture. Evidence is the affidavit of BB&T's custodian of records who testified, with personal knowledge, that BB&T was in possession of the Note prior to the petition date (since August 1, 2005) and that the First and Second Allonges were affixed to the original Note prior to and as of the petition date [Affidavit of Michael J. Ransom, Doc. 15-1, ¶s 7-8].

   The Trustee's attempt to overcome this lack of evidence with a "judicial admission" argument has been raised and rejected numerous times by this Court. *See Rogan v. HomeEQ Servicing Corp., et al. (In re Watkins)*, No. 10-5009, 2010 WL 9007179 at *3 (Bankr. E.D. Ky. Nov. 23, 2010); *Rogan v. Citimortgage, Inc. (In re Jessup)*, No. 09-5229, 2010 WL 2926050 at *4 (Bankr. E.D. Ky. July 22, 2010). The argument is equally unpersuasive here. Judicial admissions are unequivocal statements of fact which require evidentiary proof. *See In re LRP Mushrooms, Inc.*, No. 09-18529, 2010 WL 2772510, *10 (Bankr. E.D. Pa. July 13, 2010). While

statements of fact made in a proof of claim can be judicial admissions, *see, e.g., In re Jordan*, 403 B.R. 339, 352 (Bankr. W.D. Pa. 2009), the Trustee argues that the <u>absence</u> of documents should constitute a judicial admission that such documents do not exist. The omission of documents from BB&T's original proof of claim, without more, cannot overcome the undisputed facts as set forth in BB&T's affidavits.

Finally, while the Trustee provides information regarding the Debtors' marriage date, he fails to explain the relevance of same to the issues before the Court.

In conclusion, the First Allonge affixed to the Note is a valid indorsement of the original payee and the Note was subsequently negotiated by the valid Second Allonge to BB&T. Under Kentucky law, the "holder" of a note is entitled to enforce the note. KRS § 355.3-301. "Holder means the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." KRS § 355.1-201(u)(1). It is undisputed that the Note is a negotiable instrument.

Ag Credit indorsed and transferred the Note to AgFirst. AgFirst indorsed and transferred the Note to BB&T. BB&T was the holder of the Note entitled to enforce it as of the petition date. There is no dispute that the Mortgage is valid and perfected and, accordingly, any interest of the Trustee under Section 544 is inferior to BB&T's properly perfected secured interest in the Real Property.

## Conclusion

Based on the foregoing, the Court concludes that there is no genuine issue of material fact and BB&T is entitled to judgment as a matter of law. By separate order, the Court shall grant BB&T's Motion for Summary Judgment and deny the Trustee's Motion for Summary Judgment.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Joe Lee*
**Bankruptcy Judge
Dated: Friday, March 01, 2013
(tnw)**